The Honorable, the judges of the United States Court of Appeals for the Fourth Circuit. All right, Mr. Hanna, whenever you're ready, we'd be pleased to hear from you. Yes, yes, sir. Good morning. May it please the court, my name is Steve Hanna and I represent Mr. Richard McCormick in this matter on appeal from the District Court and I was appointed by this um, let me, let me preface my comments that the court will allow me, um, and per the government's brief on the singulatary issues, I think for the interest of economy, I think the government is, uh, uh, essentially, uh, in agreement with, with the defense and that those matters would go back at a minimum, those matters would go back for resentencing. So again, pursuant to the decision by this court, uh, this calendar year, actually, but that said, um, the framework of this case, as you see is, is very, very limited. I suggested the court very simple. Uh, what you have before you in the joint appendix is the plea transcript is only eight pages. The sentencing hearing itself took nine minutes. The sentencing hearing itself took five minutes. So, uh, it was, the entire case, I should say, was, was, was brief. Um, in the... Do you wish to withdraw the plea? Does the, does your client wish, wish to withdraw his plea? I mean, sometimes it, um, plea can be a pretty good deal. Understood. Understood, judge. Um, the, uh, I have... I mean, what are we, what are we going through all this for if you don't want to withdraw your plea? Um, your honor, the, well, respectfully, uh, I was instructed by, you know, you may recall, I was instructed by the had some, um, conversations with your, with your client, the individual you represent, and I'm wondering whether this gentleman wishes to withdraw his plea. I, I have not received that information from my client, judge. Your honor. Well, then I agree with Judge Wilkerson. That's, that's a very critical issue in this case. I think on this part. Yes, yes, sir. Uh, I have not received that from my client, um, and therefore, I did not raise it, uh, myself on my initial brief. Uh, I just simply addressed the issues that the court ordered me to address. I know, but we have to, I understand that, but on the other hand, we can't be issuing advisory opinions up here on the court. We can't be issuing advisory opinions. Yes, sir. We can't be issuing a lot of advisory opinions. Yes, sir. There's a lot of people who might say, well, I want to take this up to the court of appeals and, and find out, um, whether the plea hearing and the sentencing was fair, and, and then I'll decide. Yes, sir. I want to withdraw my plea, and, um, if we follow that road, we, we could be issuing a lot of advisory opinions. You're preaching to the choir, your honor, uh, again, which is why I have not received that, uh, those marching orders, so to speak, from my client, and therefore, I did not raise that in my initial brief. So, the answer to your question is no. Again, what I submitted to my supplemental brief was only, respectfully, was only a response to the direction and order of the court. Can you just remind me what was in your original brief before our order? It was, it was, uh, pertaining to the sentencing issues. It was just sentencing. Okay. Yes, ma'am. And it was an Anders. Okay. Yeah. But it was only on the sentencing side. Okay. Yes. Yes, ma'am. But you're challenging the plea hearing as well. Well, yes, sir. Only pursuant to the court's order to do so. Okay. But you are. Well, yes, sir. I mean, if you, if you want me on the plea hearing, you want me to do the sentencing hearing. I understood, Judge. So, um, and I appreciate the court. I understand the court's inquiry, and I, uh, so when I got the order from the court to address these issues, which was put forth in my supplemental brief, again, obeying the order of the court, and I had discussed this, of course, with the government recently. Let me, let me see if this, this can't be a way you can answer, deal with this. Maybe we can move forward. And that is, we all know in the rule 11 context, the plain error inquiry means that you must demonstrate a reasonable probability, but for the error, you would not have pled guilty. Yes, sir. So given the fact where you are now, can we just assume you're not pursuing that argument? Well, I mean, if you are, then the ultimate result is you might get something you don't want. The client was not requesting it, and I was not requesting it in my original brief. Again, and I find myself in an odd situation, your honor. Again, I only submitted this pursuant to the order of the court. But you represent your client. Yes, sir. And notwithstanding the orders of the court you've done, you've complied with that order. I'm talking about this point. Yes, sir. You know, it would seem prudent under these circumstances, you represent your client. Yes, sir. And that is the important thing here. And unless you as a lawyer, even consulting your client, you got advice you're going to give him. And I can't imagine that advice is going to be anything other than you would think was favorable for him. Yes, sir. And the question here is in light of what you said, do you, are you, you know, you don't have to pursue that argument, is what I'm saying. I would rather not pursue the argument, your honor. And if the court would believe me of the responsibility pursuing that argument, that would be fine with me. Again, I did not pursue that argument on my original brief. I was not given instruction to pursue that argument. Judge Wynn is correct that an important ingredient in all of this is whether there's a reasonable probability that he would not have pled guilty. And if he's going to continue to plead, he's not going to say I wish to withdraw my plea. That kind of undercuts any reasonable probability that he would not have pled guilty. He still wants to plead guilty. Understood, your honor. We are all on the same page now. I do agree. I think the singlestary issues exist, which have, as far as the re-sentencing, you know, I think quite frankly, that's a fairly quick, why don't you say, that can be dotted in a fairly efficient manner. But the issue, as far as the plea itself, I agree with your honor, again, which is why respectfully, I never raised it initially, nor was I instructed to. And so, I find myself in a unique situation where I got the order of the court to raise these interesting issues. We'll raise those interesting issues, but it would not precluded your raising the interesting issues if you'd laid the, if one was to lay the proper predicate. Maybe you just assume, we just can't assume that he would wish to withdraw his plea because that is just taking a, that's taking liberty with him. He's the one that decides whether he wants to withdraw the plea or not. And that's an important factual predicate for looking at any of this. Yes, sir. I have no information on that subject. So, I was not given my marching orders on that subject by the client. And therefore, as I said, and I realize I'm being repetitive, so please bear with me. Again, I never. What you've been very clear about is he hasn't asked you to vacate this plea. You've been very clear on that. And if he hasn't asked you to vacate this plea, then that kind of answers our question. Yes, sir. Yes, sir. What about the government's argument on the asset forfeiture? Maybe that's something, as part of the sentence, that might be something interesting to talk about. Yes, sir. Well, again, as far as the secretariat issues, which again, which is raised in the government's corrective waive and I think we're in agreement with that, but the rule, as far as the forfeiture or whatnot, and I realize it's a type of sanction, but the rule is very clear that these things have to be discussed with the defendant in open court. And with all due respect to the trial court, I'm trying to put this as gingerly as I can, mistakes were made. It seemed to be rather rushed. And when it goes back, I suggest for a re-sentencing on the single carry issues, then this issue would be on top of that or to say addition to that. So that's, again, I'm still hung up on the withdrawal of the plea question, which to me is fundamental to all of the issues of sentencing and both with respect to the plea hearing and the sentencing hearing. And if there's no representation at all, and then why shouldn't we just dismiss the appeal of asking us for an advisory opinion because there's been no representation to us that the petitioner has requested any kind of relief? I, Judge, again, respectfully, you get no argument from me on that, which I know I sound like a broken record, but this was, my brief was only a response to the court's order to you and I, Judge, respectfully, we're on the same page. I do not have that requirement, that request from my client, nor do I have that from the trial counsel who I've been in contact with when I inherited the case. All right. Thank you. Are there further questions? I have none. All right. Thank you. We'll be prepared then to hear from Mr. Rogers. Your Honor, obviously the central issue here is whether the defendant wants to withdraw his plea. I contacted appellate counsel this week and asked him what his position was on that. My presumption had been up to that point that the defendant wanted to pursue this, but I wanted to make sure, so I did call this week and I asked because our office had no indication from anyone that the defendant wanted to withdraw his plea and I heard the same thing that opposing counsel just shared here. So I do believe that this really resolves the case and leaves nothing more than... The point is, there's no representation before us that the petitioner even wishes to withdraw the plea. And there has been none to us either. Yeah. In light of that, the appropriate disposition would seem to me to be to dismiss the case and affirm the district court and only remand for the purposes of the singletary issue. All right, do you have anything to say about the singletary issue? We have to remand on the singletary, don't we? We acknowledge that the district court erred when it included non-mandatory conditions of supervised release in the written judgment and that it didn't pronounce that sentencing. And so we have no argument to make that there was somehow a way around that mistake by the district court. Thank you. Are there any questions of Mr. Rogers? I have none. All right, Mr. Hanna, do you have anything further you wish to say? Your Honor, I don't. Again, I appreciate you kind of putting up with me in this matter. I realize it's a kind of a unique situation, which I... I want... Mr. Hanna, I want to say that I don't... I don't fault you at all because I think you were proceeding in complete good faith and the highest standards of professionalism to take on the case and to address the questions that were before us. So I don't... This doesn't imply any criticisms of you and I wouldn't want you to go away thinking that we did it. Thank you, Judge. I appreciate that. Okay. All right. We will thank you and then we will move directly into our final case.
judges: J. Harvie Wilkinson III, James Andrew Wynn, Pamela A. Harris